Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

RECEIVED
JUN 17 2022
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio
Eastern Division

Case No. 2:22 CV 2519
JUDGE SARGUS
(to be filled in by the Clerk's Office)
MAGISTRATE JUDGE DEAVERS

APRIL L. CLARK, Pro Se
Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

CVS/Aetna
Darcy Gay
Rebecca Craig
Mark Downs

Defendant(s)

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Jury Trial: (check one) ☐ Yes ☑ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.  The Parties to This Complaint

   A.  The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: April Clark
   Street Address: 3037 Claypoint Way
   City and County: Cols, Ohio Franklin
   State and Zip Code: Ohio 43224
   Telephone Number: (614) 778-4717
   E-mail Address: atflexlegalnurseconsulting@gmail.com

   B.  The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Page 1 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
- Name: CVS/AETNA
- Job or Title (if known): Corporation/Employer
- Street Address: 6005 Nacot
- City and County: New Albany   Franklin
- State and Zip Code: Ohio 45054
- Telephone Number: 1 800 746-7287
- E-mail Address (if known):

Defendant No. 2
- Name: Doray Gay
- Job or Title (if known): Clinical Supervisor
- Street Address: 6005 Nacot Place
- City and County: New Albany   Franklin
- State and Zip Code: Ohio 45054
- Telephone Number: (800) 900-2706
- E-mail Address (if known): GayD@aetna.com

Defendant No. 3
- Name: Rebecca Craig
- Job or Title (if known): Manager
- Street Address: 6005 Nacot Place
- City and County: New Albany   Franklin
- State and Zip Code: Ohio 45054
- Telephone Number:
- E-mail Address (if known): CraigR1@aetna.com

Defendant No. 4
- Name: Mark Downs
- Job or Title (if known): Manager
- Street Address: 6005 Nacot
- City and County: New Albany, Ohio
- State and Zip Code: Ohio 45054
- Telephone Number:
- E-mail Address (if known): DownsM@aetna.com

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

Name: CVS/Aetna
Street Address: 6005 Nacot Pl
City and County: New Albany Franklin
State and Zip Code: Ohio 45054
Telephone Number: 1 800 746-7287

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✓] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[✓] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Other federal law *(specify the federal law)*:

[ ] Relevant state law *(specify, if known)*:

[ ] Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [x] Other acts *(specify)*: Intimidation, Threat, Harassment, Coercion, Hostile Working Environment

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) Threat of job termination on: March 22, 2022. Onset of employment with new hire training 6/21/2021, 7/2021, 8/2021, 9/2021, 10/2021, 11/2021, 12/2021, 1/2022, 2/2022, 3/2022, 4/2022, 5/2022, 6/2022

C. I believe that defendant(s) *(check one)*:
- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [x] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)* PTSD, Major Depression, Anxiety

E. The facts of my case are as follows. Attach additional pages if needed.

Please see attachment(s)

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

4/14/2022; interviewed 1 week later outlining charges as EEOC complaint page stalled causing error in choosing all relevant areas of charge

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 4/30/2022.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/15/2022

Signature of Plaintiff: April Clark
Printed Name of Plaintiff: April Clark

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Case No.

April Clark, Plaintiff
3037 Clairpoint Point Way
Columbus Ohio 43227

Vs

CVS Health/AETNA, Defendant
Darcy Gay, Defendant
Mark Downs, Defendant
Rebecca Craig, Defendant
6005 Nacot Place
New Albany, Ohio 45054

## AMENDED COMPLAINT

Now comes Plaintiff *Pro Se*, April Clark requesting this honorable court to accept the following action for employment discrimination under 42 U.S.C §2000e-5(f)(1). Plaintiff has followed "Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, he must satisfy two administrative prerequisites: (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue. " Nichols v. Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003) (quoting Puckett v Tennessee Eastman Co., 889 F.2nd 1481, 1486 (6th Cir 1989)(other citations omitted).

## BACKGROUND

1. Plaintiff, has voiced concern related to rights in the workplace, has been retaliated against and suffered adversely. These rights are inclusive of Defendant(s) requirement to receive proper training for the role of Nurse Care Manager, Having proper equipment to ensure safety and condition specific accommodation to perform effectively in the role of Nurse Care Manager, Being paid a fair wage including bonus/commission for services provided as a Nurse Care Manager, Not being targeted, discriminated, harassed, coerced, threatened, and placed in a hostile working environment, Not being required to falsify patient/member medical record information including assessment(s) and care plans, Not being subjected to occupational environment encompassing favoritism, bias, prejudice and impartial treatment
2. Plaintiff began employment with CVS Health on June 21, 2022 as a Nurse Care Manager
3. Plaintiff is a African American woman, age 49 yrs with a Master's degree in Business Administration, Bachelor's of Science in Nursing, Associate degrees(s) in Applied Science Micromputing and Arts w/certification in hardware/software installation and management, Legal Nurse Consultant Certificate and Life Care Planner Certificate
4. Plaintiff upon initial hire reported to Defendant, Rebecca Craig and was later re-assigned to Defendant, Darcy Gay
5. Plaintiff participated in 12 week training session required for the role of Nurse Care Manager
6. Plaintiff began to experience discrimination on or about July 3, 2022 from Defendant, Rebecca Craig. During a new hire training session, Plaintiff mentioned the need for a second monitor due to vision issues and wanting to perform at optimal level in the role of Nurse Care Manager. Two alternate new hires recommended Plaintiff reach out to Rebecca Craig as she had provided each

with a second standing monitor. Plaintiff reached out to Rebecca Craig and was initially told a second monitor could be provided. Post upload of Plaintiff profile picture to employment profile status bar, Rebecca Craig modified her original approval of the second monitor, noting "most of us buy". Plaintiff explained that the expense would create a complication financially and inquired on what steps the alternate nurse "Amanda" and/or "Mary" had taken to obtain the second monitor requested. Defendant, Rebecca Craig ceased email communication and placed a TEAMS meeting call to Plaintiff for telephone discussion. During the call, Defendant Rebecca Craig stated she had not provided a second monitor to anyone, yet the secretary Ashley Linebarger must have "inadvertently" given one out. Defendant, Rebecca Craig then stated she would have to get it back from "Amanda". Plaintiff reached out to Nurse "Amanda" to find Defendant, Rebecca Craig met her during her lunch hour and walked the monitor out to her.

7. Plaintiff has requested similar items that have been provided to alternate nurses of other race, and/or direct relationship status with Defendant(s), and have been denied
8. Plaintiff has requested Defendant Darcy Gay "please provide what "issues" and "accusations" you are referring to and provide evidence of the "defensive" communications you refer initially on March 22, 2022 and several subsequent dates, Defendant refused to reply.
9. Plaintiff requested Defendant Darcy Gay "provide insight into incentive/bonus per HR recommendation on April 1, 2022 and subsequent occasions and Defendant refused to reply.
10. Plaintiff was released to "on your own" status as a Nurse Care Manager post 12 week training and preceptorship with remaining questions related to role responsibilities, workflow, standard operating procedures/process related to the role. Plaintiff is held to productivity and performance metrics in the role of Nurse Care Manager, therefore, reached out to Defendant, Darcy Gay routinely for clarification and further insight to continue proactive efforts to perform at a meets or exceeds performance level in the role of Nurse Care Manger.
11. Defendant(s) routinely wrongfully and unnecessarily attempt to reprimand verbally and/or in written format.
12. Defendant(s) participate in behaviors that do not allow for impartial treatment of Plaintiff as alternate race nurse colleagues that have caused reinitiation and exacerbation of current disability qualifying medical conditions including anxiety, post traumatic stress, and major depressive disorder.
13. Plaintiff and have assigned duties consisting of areas related to the role of Nurse Care Manager in which proper training has not been provided with initial training and alternate subsequent training. Defendant(s) claim outreach of new hires is welcomed, however, retaliate when Plaintiff has asked for more insight or clarification. On several occasions, Plaintiff has reached out via email and/or TEAMS chat/IM for assistance and been met with resistance by Defendant(s) inclusive of, not limited to: Swivel calls, Initial/Subsequent Outreaches, Turn Around Times, Abbreviations, Pre-Auth/Pre-Cert, Care Plans, Templates, DGAs, Documentation, Workflows, Processes/Policy, Internal Contacts/Referral Mechanisms, Program Eligibility/Participation, Plan Sponsor Program Specifics, Definition of "So you get credit for it" and Nurse Care Manager out of office tasks coverage policy/process.
14. Defendant(s) routinely require Plaintiff to retroactively address member/patient medical record(s) noting areas were missed that Plaintiff never received proper training. In the event, Plaintiff inquires further Defendant(s) resist and continue acts of bullying and intimidation.
15. During an initial preceptorship with Sheila Groves, Plaintiff became aware that Defendant, Rebecca Craig was a "long time friend I used to work with for years who helped me get this job". Sheila Groves advised that Rebecca Craig assisted in her getting the role as Nurse Care Manager and ensured she had a MiFi "and Aetna pays for it for me". Defendant, Rebecca Craig recommended Plaintiff use personal hotspot in an occurrence in which Plaintiff experienced an internet connectivity issue. Plaintiff has experienced multiple issues with company provided computer technical issues as well as connectivity issues not related to Plaintiff personal internet service provider. Plaintiff has requested multiple times for MiFi and denied. Post notice of

complaint filing, Defendant Darcy Gay notified in email correspondence the MiFi is being looked into. Defendant, Mark Downs advised via email correspondence, he found no complication in getting Plaintiff a second monitor. As of June 13, 2022, Plaintiff does not have MiFi or second monitor.

16. During a second preceptorship event, Plaintiff participated with preceptor Gwendolyn Farrow during a second training session. Gwendolyn Farrow advised Plaintiff that she was aware that "bad blood" existed between Plaintiff and Defendant(s)
17. Plaintiff began to experience discrimination, and harassment by Defendant, Darcy Gay following inquiry into Defendant motivation for contacting via text at 0800 requesting insight on why Plaintiff was not online. Defendant stated, Team Lead Kirsten Townsend messaged her and alerted Plaintiff was not online. Plaintiff advised Defendant that her work schedule was 10:00AM to 6:30PM with inquiry into why the information was not known of Leadership, Supervision and/or Team Lead.
18. Plaintiff experienced additional discrimination as Defendant, Darcy Gay admitted to performing a background investigation on Plaintiff with a LinkedIn search. Plaintiff was notified by the LinkedIn application and reached out to Defendant for more information as no authorization for further background checks post hire had been placed. Defendant is not the hiring manager and Plaintiff was not a candidate for promotion. Plaintiff, reached out to Defendant via cell phone text message to inquire on cause for Defendant search and Defendant noted "I did not". Defendant subsequently admitted to profile search stating, "Sounds good. Nope, I just like looking up backgrounds of nurses". Plaintiff asked if Defendant looked up backgrounds of all her staff nurses and Defendant did not reply.
19. Post notice of compliant filings regarding discrimination, Defendant, Darcy Gay instructed Team Lead Kirsten Townsend to send out a TEAMS chat IM requesting the backgrounds of all nurses on or about April 06, 2022. Plaintiff attached snippet of request to email transmittal to Defendant, Darcy Gay requested she provide the information to Kirsten Townsend in which she discovered in her background investigation she completed with her LinkedIn profile background check, and Defendant Darcy Gay declined. Kirsten Townsend wrote she did not want to have to go to social media to gather the information, "It's so much easier for everyone to respond to me versus me taking the time to research everyone on social media"
20. Defendant, Darcy Gay requested Plaintiff revisit the medical record of a patient/member and add assessment documentation that was false. Plaintiff inquired on the cause for the request and Defendant, noted the deadline for assessment completion to meet NCQA quality performance standards was required. Plaintiff, declined the entry of false information into patient/member medical record due to legal reasons. Defendant retaliation continued and progressed to intimidation, and further creation of a hostile working environment.
21. Plaintiff outreached Defendant, Darcy Gay on March 16, 2022 and requested insight into process for NCQA specifications related to complex case management documentation into a patient/member record, specific to the 30 day care plan progress update. Plaintiff sought clarification on notice that Nurse Care Managers do not have to actually speak with the member to update the medical record. Defendant, Darcy Gay added this request as part of her motivation for continued harassment, intimidation, abuse and hostile work environment against Plaintiff.
22. Plaintiff has reached out to direct supervisor, Defendant, Darcy Gay and her manager, Defendant, Mark Downs with clarifying questions related to work related performance and workflows and faced retaliation. In a December 9, 2022 1:1 meeting held with Defendant(s) Mark Downs, Darcy Gay and Plaintiff, an alert that re-training would be provided. Following the meeting, Defendant, Mark Downs sent an email correspondence noting conversation that did not take place during the actual 1:1. Defendant, Mark Downs wrote, "We shared with you that some of your communications felt a little defensive and we wanted to assure you that our intent is to always bring things to you with positivity and in the interest of learning, and that from time to time we may bring things to your attention throughout your tenure, and that is so we can help you in areas

where you may need it." Plaintiff sent a response to Defendant, Mark Downs, requesting clarification and outlining the discussion of Plaintiff communicating in a "defensive" manner was not discussed during this 1:1. Defendant, Mark Downs and Darcy Gay intitially did not respond. Plaintiff sent out subsequent emails requesting further clarification and received an email response from Defendant, Mark Downs noting he did not feel a response was warranted.

23. Plaintiff was intimidated and placed in fear during the March 22, 2022 1:1 meeting with Darcy Gay in her statement for Plaintiff to choose wisely the inquiries she submits as Defendant stated she find is difficult to provide feedback.
24. Plaintiff responded to Defendant, Mark Downs December 9, 2022 email recap of 1:1 with inquiry noting, "It is instances such as this that make employees feel uncomfortable going into 1:1 meetings without representation and/or recording availability. You shared a generalized statement referencing how communications can be perceived as defensive and NEVER directly noted that my("your communications") felt a little defensive. I communicate with a matter of fact approach and can validate my concerns". Defendant, Mark Downs later advised in email he did not feel a response to Plaintiff clarification email was needed.
25. Plaintiff appears to be the sole African American female employee on the team under Defendant, Darcy Gay. Upon hire, an alternate nurse, Yonka Johnson served on the team as a African American nurse, however complained of discrimination and similar malicious acts by Defendant, Rebecca Craig and Darcy Gay including threat of termination. Yonka Johnson no longer is employed with CVS Health post complaints of discrimination. Yonka Johnson advised Plaintiff the behaviors of Defendant(s) have been alleged in previous complaints. Plaintiff has been targeted and placed as victim to practices that appears to be widespread and prevalent with respect to illegal, discriminatory and retaliatory acts.
26. Plaintiff notified Defendant, Darcy Gay, on several occassions of feeling targeted and discriminated against with the intent to file internal and external complaint in the event the acts did not cease immediately. Defendant, Darcy Gay has continued ill acts noting to Plaintiff she encourages Plaintiff to do whatever she fells she needs to do. Defendant, Darcy Gay stated in March 22, 2022 1:1 meeting that Plaintiff areas of concern are "not grounded in fact". Defendant, Darcy Gay attempted to abuse her leadership role in promoting a negative atmosphere with threats and bullying.
27. Plaintiff has outreached Defendant(s) and Team Lead Kirsten Townsend for further insight on specific workflow processes for clarification and protocol which have resulted in retaliation to become progressively worse leading to a second 1:1 meeting being called on March 22, 2022. On March 22, 2022, Defendant, Darcy Gay outlined several concerns she had with Plaintiff's "communicatio style". Defendant, Darcy Gary stated the communication style was "defensive" and "disruptive". Defendant, Darcy Gay stated if the behavior continued "further action would be taken" and threatened termination. Defendant, Darcy Gay stated Plaintiff "keeps bringing up old stuff". Defendant, Darcy Gay stated Plaintiff was "defensive, unprofessional and impolite" in communications during the 1:1 meeting. Plaintiff provided meeting 1:1 meeting snippets of conversation to Compliance Officer, Mark Hoague.
28. Plaintiff sent follow up email to Defendant(s) Darcy Gay and Mark Downs requesting examples of communication deemed defensive and/or disruptive. Defendant(s) have refused to reply with multiple request(s) for further insight.
29. Plaintiff reported the March 22, 2022 incident to Human Resources via HR ticket submission, Employee Relations via telephone call to compliance/ethics line. Plaintiff gained awareness of complaint submission to portal ethicspoint.com.
30. Plaintiff received telephone call from Mark Hoague, Compliance Officer on or about April 13, 2022 noting he did handle the human resource matter specifically related to the threat of job termination, however, would investigate the report of Defendant, Darcy Gay mandating Plaintiff to re-visit patient/member medical record to add assessment question answers that did not occur.

31. Plaintiff has not received an update on complaint submission(s) as of June 13, 2022 from Human Resources and/or Compliance.
32. Plaintiff has filed a complaint regarding violation of Title VII of the Civil Rights Act of 1964 with EEOC and right to sue letter dated 4/21/2022, received 4/30/2022 (COPY ATTACHED).
33. Plaintiff has filed complaint regarding violation of Title VII of the Civil Rights Act of 1964 with Civil Rights Commission of Ohio and has not received notice as of June 13, 2022
34. Plaintiff has been intentionally and deliberately targeted and placed in a hostile working environment by Defendant(s) due to race, caused extreme mental and emotional anguish, suffered material loss of benefit of incentive/bonus related to performance metrics, and verbally disciplined in verbal/written form, prevented upward mobility with internal job submissions.
35. Plaintiff has applied for several internal positions considered promotion and alleges Defendant(s) have hindered progress toward new role job offers within CVS Health. Human Resources requires release of supervisor name and contact information with each application for internally posted positions. Plaintiff has applied for multiple roles meeting qualifications at minimum and exceeding in most as a Master of Business from Ashland University, prepared individual, also holding a Bachelor Degree in Nursing from Mount Carmel College of Nursing, 2 Associate Degrees from Columbus State Community College, 1 Legal Nurse Consulting Certificate and 1 Life Care Planning Certificate from Capital University Law School.

In this instant, Plaintiff, requests a prayer amount of $300,000 of Defendant(s) named in this complaint as the ill will, wanton actions of Defendant(s) consist of severe and pervasive conduct that have created a work environment that is hostile, abusive and intimidating that interfere with Plaintiff work performance. Plaintiff is seeking a court order issued to Defendant(s) to cease illegal acts. Plaintiff has been traumatized, placed under emotional harm, inconvenience, loss of enjoyment and quality of life as a direct result of ill will, wanton and reckless actions of Defendant(s) named in this complaint. Defendant(s) have threatened to terminate Plaintiff in retaliation for inquiring on standard operating procedures/policies and processes; seeking clarification on role duties/responsibilities related to Nurse Care Manager, asserting protected activity rights under discrimination laws, and complaining about potential violations of public policy including unethical and illegal acts to internal authoritative bodies and appropriate external governmental entities. Defendant(s) have threatened to terminate Plaintiff without a valid reason. Plaintiff seeks damages inclusive of punitive, compensatory, legal fees, witness fees and court costs.

s/April Clark
April Clark, Plaintiff
3037 Clairpoint Way
Columbus, Ohio
614 778-4717

## CERTIFICATE OF SERVICE

The following has been provided to CVS Health/AETNA as a named Defendant and employer of other listed Defendant(s) via US Mail on June 15, 2022.

CVS HEALTH/AETNA
6005 NACOT PLACE
NEW ALBANY, OHIO 45054

*[signature]*

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| EEOC | 532-2022-01588 |
| FEPA | |

**Ohio Civil Rights Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| APRIL CLARK | (614) 778-4717 | 1973 |

Street Address
3037 Clairpoint Way
Columbus, OH 43227

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CVS / Aetna | 501+ Employees | |

Street Address
6005 NACOT PL
NEW ALBANY, OH 43054

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

**DISCRIMINATION BASED ON**

Retaliation, Race

**DATE(S) DISCRIMINATION TOOK PLACE**

Earliest: 06/21/2021
Latest: 03/22/2022

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the Respondent on or about June 21, 2021. My current position is Nurse Care Manager. During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, my supervisor looking me up on LinkedIn and being accused of being defensive with my communications. On or about March 22, 2022, I was threatened with discharge. I believe that I was discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

**Digitally Signed By: APRIL CLARK**
04/14/2022

*Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

 U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Cleveland Field Office**
Anthony J. Celebrezze Federal Building
1240 E. 9th Street, Suite 3001
Cleveland, OH 44199
(216) 306-1120
clevelandfieldoffice@eeoc.gov
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/21/2022

**To:** April Clark
3037 Clairpoint Way
Columbus, OH 43227

Charge No: 532-2022-01588

EEOC Representative and email:    Legal Unit
(267) 589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 532-2022-01588.

On behalf of the Commission:

Digitally Signed By: Karen McDonough
04/21/2022
Karen McDonough
Acting Director

**Cc:**
LaDonna Hatton
Morgan, Brown & Joy
lhatton@morganbrown.com

Kimberly Lawrence
Lelawteam@cvshealth.com


Please retain this notice for your records.

6/15/2022

To Whom It May Concern:

My name is April Clark. I recently submitted a OCR complaint for employment discrimination against CVS/AETNA and would like to submit the following correspondence as a REQUEST FOR RIGHT TO SUE LETTER. I would like to file a complaint in the state court FRANKLIN COUNTY COMMON PLEAS and have become aware of the administrative process requirement related to receipt of right to sue from the Civil Rights Commission of Ohio. I appreciate your attention in this matter.


Thank you,

*April Clark*
April Clark
3037 Clairpoint Way
Columbus, Ohio 43227
(614) 778-4717